UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SYLVIE HOULE CAMPEAU,

    Plaintiff,

v.        Case No: 6:13-cv-899-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

This matter is before the Court on Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 41). On December 24, 2013, the Court entered an Order remanding this case pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 15). The Commissioner moved to reopen the case in December 2015 after the proceedings on remand were completed (Doc. 23). Then, on May 24, 2016, the Commissioner moved to remand the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 37). The Court granted the motion (Doc. 39), and judgment was entered on June 13, 2016 (Doc. 40). Now, Plaintiff requests an award of attorney's fees in the amount of $9,078.81 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and an award of costs in the amount of $400.00 (Doc. 41). Defendant does not object to the motion (Id., at 4).

Under the EAJA, a party is eligible for an award of attorney's fees where: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party filed a timely

---

[1] The parties consented to proceed in front of the magistrate judge and on December 8, 2015, the district judge entered an Order referring the case to the magistrate to conduct all proceedings, including the entry of judgment (Doc. 28).

application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). Plaintiff asserts that she is the prevailing party, the Commissioner's position in the underlying action was not substantially justified, and that her net worth when the action was filed was less than $2 million (Doc. Id., at 2). The schedules of attorneys' billable hours attached to the motion confirms the time claimed by counsel (Id. at 14-18).

Plaintiff has attached a copy of her assignment of EAJA fees to her attorney, Richard A. Culbertson (Doc. 41-1). In light of the assignment, Plaintiff requests that payment be made payable to her and delivered to Mr. Culbertson unless she owes a federal debt (Doc. 41 at 3-4). If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Mr. Culbertson (Id. at 3-4, 12-13).

Upon due consideration, Plaintiff's motion is **GRANTED** and she is awarded attorney's fees in the amount of $9,078.81 made payable to Plaintiff and delivered to Richard A. Culbertson, if the Commissioner determines that Plaintiff does not owe a debt to the Government. Plaintiff is also awarded $400.00 in costs that is payable from the judgment fund.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record